Filed 10/30/25  P. v. Meraz CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR MERAZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B341539<br>(Super. Ct. No. 2009013585)<br>(Ventura County) |

The trial court denied Victor Meraz's petition for resentencing under Penal Code[1] section 1170, subdivision (d) because his original sentence of life without the possibility of parole (LWOP) had been modified to 50 years to life and he would be eligible for parole in 2033 under section 3051.  We affirm.

## FACTS

When Meraz was 16 years old, he shot and killed a member of a rival criminal street gang.  A jury convicted him of first degree murder with gun and gang enhancements.  In 2011, he

---

[1] All statutory references are to the Penal Code.

was sentenced to LWOP.  We remanded for the trial court to reconsider Meraz's sentence under *Miller v. Alabama* (2012) 567 U.S. 460.  (*People v. Meraz* (Jan. 22, 2013, B235143) [nonpub. opn.].)  *Miller* holds that the Eighth Amendment prohibition on cruel and unusual punishment requires sentencing courts to weigh specific factors relating to a juvenile defendant's youth and maturity prior to imposing LWOP for homicide.  (*Miller*, at pp. 473-474.)  On remand, the trial court sentenced Meraz to 25 years to life for first degree murder and a consecutive 25 years to life for the gun enhancement for a total of 50 years to life.  The additional enhancements were dismissed.

In 2024, Meraz petitioned for resentencing under section 1170, subdivision (d)(1), allowing resentencing of juvenile offenders who were sentenced to LWOP when certain conditions are met, including having served at least 15 years.  The trial court denied relief without a hearing on the grounds that 50 years to life is not a de facto LWOP sentence and that Meraz would be eligible for parole in 2033 under section 3051.

DISCUSSON

Section 1170, subdivision (d)(1)(A) provides:  "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."

In *People v. Lopez* (2016) 4 Cal.App.5th 649 (*Lopez*), the defendant was under 18 years old when he committed aggravated kidnapping and was sentenced to LWOP.  The sentence was later reduced to simple life pursuant to *Graham v. Florida* (2010) 560 U.S. 48, 82, holding that the Eighth Amendment bars LWOP

2

sentences for nonhomicide offenses committed by juveniles. We held that the reduction of an LWOP sentence under *Graham* may not be considered in determining whether the defendant is entitled to relief under section 1170, subdivision (d)(2), now renumbered subdivision (d)(1). (Stats. 2021, ch. 719, § 2.)

We have reconsidered *Lopez*. We agree with *People v. Isayev* (2025) 113 Cal.App.5th 1117. In determining whether a defendant is entitled to relief under section 1170, subdivision (d)(1), the trial court must consider the sentence as it exists at the time of the petition and the relief available under section 3051.

Section 1170, subdivision (d)(1) was enacted out of concern for juvenile offenders serving LWOP sentences. (*People v. Isayev*, *supra*, 113 Cal.App.5th at p. 1142, citing *In re Kirchner* (2017) 2 Cal.5th 1040, 1049.) The subdivision gives juvenile offenders an avenue to seek recall of their sentences and to be resentenced to a term that includes an opportunity for parole. (*Isayev*, at p. 1142, citing *Kirchner*, at p. 1049.) Given the purpose of section 1170, subdivision (d)(1), the subdivision does not apply where the juvenile offender is no longer serving an LWOP sentence or its functional equivalent. (See *Isayev*, at pp. 1143-1144.)

Here Meraz was resentenced from LWOP to 50 years to life. But Meraz is entitled to seek relief under section 3051, subdivision (b)(4). (*People v. Isayev*, *supra*, 113 Cal.App.5th at p. 1144 [section 3051 applies to determining eligibility for relief under section 1170, subdivision (d)(1)(7)].)

Section 3051, subdivision (b)(4) provides:

"A person who was convicted of a controlling offense that was committed before the person had attained 18 years of age and for which the sentence is life without the possibility of parole

3

shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration.  The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 25th year of incarceration."

Here the trial court found Meraz would be eligible for parole under section 3051 in 2033.  That is not the functional equivalent of LWOP.  (See *People v. Franklin* (2016) 63 Cal.4th 261, 276-277 [juvenile offender's claim that his 50-years-to-life sentence is the functional equivalent of LWOP mooted by meaningful opportunity for parole under section 3051].)

The judgment (order) is affirmed

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:



YEGAN, J.                        CODY, J.

4

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Ashwini Mate, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kim Aarons and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

Gregory D. Totten; Thien Ho, District Attorney (Sacramento) and David R. Boyd, Deputy, for the California District Attorneys Association as Amicus Curiae.